1

2                                                              10 DEC -9  PM 12: 54

3                                                          CLERK, U.S. DISTRICT COURT
                                                         SOUTHERN DISTRICT OF CALIFORNIA
4
                                                         BY:                      DEPUTY
5

6

7

8                        UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANIBAL MESALA SILVA,                      CASE NO. 08cv1726 BEN (POR)

12                            Appellant,
         vs.
13                                             **MEMORANDUM OF DECISION**

14
     PUBLIC STORAGE and ANITA REYES,
15
                              Appellees.
16

17

18          Before the Court is an appeal from two orders entered by the United States Bankruptcy Court

19   for the Southern District of California, which (1) dismissed Debtor's adversary proceeding against

20   Public Storage and Anita Reyes (together, "Public Storage"), and (2) denied a stay of the proceedings

21   under the Servicemembers Civil Relief Act.  The appeal has been fully briefed, and the Court finds the

22   appeal suitable for disposition without oral argument.  For the reasons set forth below, the Court

23   **AFFIRMS** the orders.

24                                  **BACKGROUND**

25          On July 16, 2007, Debtor filed the underlying Chapter 13 bankruptcy case, titled *In re Silva*,

26   United States Bankruptcy Court for the Southern District of San Diego, Bankr. Case No. 07-3740.

27   Debtor filed his bankruptcy petition as an individual and did not list any person as a co-debtor.  (Suppl.

28   R. [Docket No. 3], 33.)  Along with the petition, Debtor filed a creditor mailing matrix that included

1   Public Storage. (*Id.*, 40.)   However, the matrix listed a different location and storage unit at Public

2   Storage than the one involved in this action.  On July 31, 2007, Debtor filed his schedules of assets and

3   debt, among other things.  The schedules did not list Public Storage as a creditor or identify any assets

4   held at a Public Storage facility.  (*Id.*, 44-63.)

5   One month later, on August 11, 2007, Janet Castillo rented a storage unit from Public Storage

6   at its location on Johnson Ave in El Cajon, California.   Debtor alleges Ms. Castillo is his wife.

7   (Opening Br., 4; Suppl. R., 5.)  The rental agreement, however, does not list or otherwise mention

8   Debtor.  (Response Br., Ex. A.)  Notably, the rental agreement does not list Debtor as a person

9   authorized to access the storage unit.  *Id.*  Soon after entering into the rental agreement, in September

10  2007, Ms. Castillo failed to pay rent on the storage unit and continued to fail to pay rent on the unit at

11  all relevant times herein.  On November 21, 2007, Debtor amended his schedules to include this debt

12  as an unsecured, nonpriority debt.  (*Id.*, 154.) However, Debtor never amended his schedules to list any

13  item in the storage unit as an asset of the estate, to list the rental agreement as an executory contract,

14  or to list other individuals as co-debtors.  Debtor also never sought or obtained authorization from the

15  bankruptcy court to incur these post-petition rental charges on behalf of the estate.

16  On November 30, 2007, based on the failure to pay rent, Public Storage auctioned the items in

17  the storage unit. (Desig. R., 3 at 2.) Public Storage contends that, prior to the auction, it never received

18  notice that the storage unit and the items contained therein were subject to Debtor's bankruptcy case.

19  Public Storage further contends that, in any event, the debt at issue was a post-petition debt and,

20  therefore, not subject to any automatic stay arising from Debtor's bankruptcy case.

21  On June 5, 2008, Debtor initiated an adversary proceeding against Public Storage based on its

22  alleged violation of the automatic stay.  Soon thereafter, on June 11, 2008, Debtor moved to stay the

23  main case and adversary proceeding on the grounds that he had enrolled in a multi-week military

24  training course.  That motion was denied on the grounds that Debtor failed to comply with the statutory

25  requirements set forth under the Servicemembers Civil Relief Act, and there was no other basis for

26  granting the requested relief.

27  On July 7, 2008, Public Storage filed a motion to dismiss the adversary proceeding. (Desig. R.,

28  3.)  One day before the hearing, Debtor filed an opposition to the motion.  After the hearing, the

1  bankruptcy court entered an order granting the motion to dismiss and dismissed the adversary
2  proceeding with prejudice.

3         Debtor timely appealed to this Court. Both parties filed appellate briefs, and the Court considers
4  this appeal to be fully briefed and ready for determination.  Nonetheless, at Debtor's request, on
5  November 23, 2009, the Court granted a stay of the action. (Docket No. 19.) The Court granted the
6  stay due to Debtor's military deployment overseas and, based on Debtor's representations regarding
7  such deployment, scheduled the stay to expire on September 20, 2010. *Id.*

8         On September 21, 2010, the Court scheduled a hearing for December 6, 2010 for Debtor to
9  show cause why the stay should not be terminated. (Docket No. 20.)  Receiving no response and
10 Debtor having failed to appear at the hearing, on December 6, 2010, the Court terminated the stay.

11        The Court finds this action now ready for determination.  For the reasons set forth below, the
12 Court **AFFIRMS** the Bankruptcy Court's orders.

13                                    **DISCUSSION**

14        This Court has jurisdiction to review Debtor's appeal pursuant to 28 U.S.C. § 158(a) and
15 Federal Rule of Bankruptcy Procedure 8001(e).  According to Debtor's opening brief, the issues on
16 appeal are (1) whether the bankruptcy court erred in granting Public Storage's motion to dismiss, and
17 (2) whether the bankruptcy court erred in denying Debtor's motion to stay the proceedings.  (Opening
18 Br., 2.)

19     **I.     MOTION TO DISMISS**

20        Public Storage successfully moved to dismiss the Debtor's adversary proceeding on the grounds
21 that Debtor failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), as made
22 applicable by Federal Rule of Bankruptcy Procedure 7012(b).  The Court reviews the dismissal de novo.
23 *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999).

24        Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual
25 allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp.*
26 *v. Twombly*, 550 U.S. 544, 556-57 (2007).  The plausibility standard means that the complaint must
27 state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter
28

08cv1726

1  complained of. *Id.* at 556. Here, Public Storage contends Debtor's claim fails to state a claim for relief

2  because (1) the automatic stay does not apply, and (2) Debtor is estopped from bringing the action.

3        The automatic stay is set forth in 11 U.S.C. § 362 and prohibits a creditor from commencing

4  or continuing an action against the debtor to collect a pre-petition debt. 11 U.S.C. § 362(a)(6). A

5  creditor is, therefore, not prohibited from collecting a post-petition debt. However, in doing so, the

6  creditor cannot pursue property of the debtor's estate. *Baker v. Miller (In re Miller)*, 262 B.R. 499, 507

7  (B.A.P. 9th Cir. 2001). Because the rental agreement at issue here was signed and commenced during

8  the post-petition period, any debt incurred thereby was post-petition debt. Therefore, the automatic stay

9  did not prohibit Public Storage from collecting the debt. That Debtor is not a contracting party under

10  the rental agreement, or otherwise identified therein, further compels this conclusion. Debtor contends

11  that, nonetheless, Public Storage violated the automatic stay because it recovered its debt against

12  property of the estate. However, as noted by Public Storage and discussed below, Debtor failed to

13  disclose the contents of the storage unit as property of the estate.

14        A debtor generally discloses property of the estate in its petition, schedules or statements of

15  financial affairs. 11 U.S.C. § 521(a). "The Bankruptcy Code and Rules require that the information

16  supplied in bankruptcy filings be true and correct. Debtors sign declarations under penalty of perjury,

17  and the integrity of the system depends upon adherence to those principles." *In re Bright*, 338 B.R. 530,

18  536 (B.A.P. 1st Cir. 2006) (citing *In re Eatman*, 182 B.R. 386, 392-93 (Bankr. S.D.N.Y. 1995) (petition

19  and schedules "riddled with material misstatements, inconsistencies and omissions" were filed in bad

20  faith, and, therefore, cause to lift stay existed)). Failure to disclose assets or debts may bar a debtor

21  from later bringing claims based thereon, pursuant to the doctrine of judicial estoppel. *See Hamilton*

22  *v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 784 (9th Cir. 2001); *Brown Mfg. v. Mims (In re*

23  *Coastal Plains, Inc.)*, 179 F.3d 197, 208-09 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000).

24        In this case, Debtor's listed assets include numerous vehicles, "wife's personal jewelry held by

25  Lemon Grove Pawnbroker," and "Misc. Household Goods & Furnishings" valued at $3,500. (Suppl.

26  R., 47, 51-52.) Nowhere does Debtor state that these assets include the property contained in the

27  storage unit, let alone that Debtor held an interest in the storage unit. Debtor does not contend that the

28  reference to "Misc. Household Goods & Furnishings" includes property in the storage unit. Even if he

1 | had, however, nothing in the record supports such contention because, as noted, Debtor failed to even
2 | disclose the rental agreement as an executory contract or identify Ms. Castillo as his spouse, even when
3 | prompted to do so.  (Suppl. R., 59-61.)  Additionally, Debtor never sought or obtained leave of the
4 | bankruptcy court to enter into the rental agreement on behalf of the estate in order to store estate
5 | property at Public Storage.  Based on Debtor's representations, the subsequently-appointed chapter 7
6 | trustee declared Debtor's case to be a no-asset case and Debtor received a discharge of his debts.
7 | Therefore, as held by the Ninth Circuit in *Hamilton* and by the lower court in this case, the Court finds
8 | that Debtor is precluded from pursuing his claims.

9 |      Even if Debtor had disclosed the property, an issue arises regarding whether the auctioned
10 | property was part of the estate or, as Public Storage contends, was re-vested with Debtor at the time of
11 | the auction.  In general, property exempted from the bankruptcy estate, as Debtor claims the property
12 | in this case was, re-vests with the debtor and is protected from creditors until the case closes or is
13 | dismissed, or until discharge is granted or denied.  11 U.S.C. § 362(c)(2)(A)-(C).  However, where, as
14 | here, a debtor has filed a prior bankruptcy case within the previous 12-month period which was
15 | dismissed, such protection terminates within 30 days of the filing of the second petition, unless
16 | extended by approval of the court.  11 U.S.C. § 362(c)(3)(A)-(B).  Here, Debtor filed a prior Chapter
17 | 7 case on January 26, 2007 (Case No. 07-0324). (Suppl. R., 34.)  That case was dismissed based on
18 | Debtor's failure to comply with bankruptcy requirements.  On July 16, 2007, i.e., less than six months
19 | after the filing of his previous bankruptcy case, Debtor commenced the underlying bankruptcy case at
20 | issue here.  Pursuant to Section 362(c)(3), therefore, Debtor's exempt property in this case re-vested
21 | with Debtor no later than August 16, 2007, i.e., well before the sale of the property in question in
22 | November 2007.  Accordingly, the Court finds that, even to the extent Debtor properly disclosed the
23 | subject property as exempt, Public Storage was not precluded from collecting against it.

24 |      In light of the above, after a de novo review, the Court finds that the bankruptcy court did not
25 | err in granting Public Storage's motion to dismiss or dismissing the underlying adversary proceeding
26 | with prejudice.
27 | ///
28 | ///

08cv1726

## II.    MOTION TO STAY PROCEEDINGS

Debtor also assigns error to the bankruptcy court's order denying his motion to stay proceedings. The Court reviews this denial for abuse of discretion. *See, e.g., Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters.)*, 96 F.3d 346, 351 (9th Cir. 1996). Under the abuse of discretion standard, the Court will only overturn the decision if the decision is "based on an erroneous conclusion of law or when the record contains no evidence on which [the court] rationally could have based that decision." *Id.*

Although Debtor listed this issue in his Statement of Issues on Appeal, the Debtor fails to set forth any argument or explanation of how the bankruptcy court erred, let alone abused its discretion, in denying Debtor's motion. Debtor's stay motion is about one-page in length, does not include a declaration attesting to the information set forth in the motion, and, as the bankruptcy court noted, fails to comply with the statutory requirement that Debtor submit a letter or other communication from his commanding officer pursuant to 50 App. U.S.C. § 522(b)(2)(B). (Desig. R., 2.) The sparse information provided also does not support the determination that Debtor's military obligation would have affected his ability to appear, as the only matters pending at that time were fully briefed and the bankruptcy court took them under submission for determination without oral argument.

Accordingly, the Court finds that the bankruptcy court's denial of a stay was not based on an erroneous conclusion of law, nor is it unsupported by the evidence. As such, the bankruptcy court did not abuse its discretion in denying Debtor's motion.

## CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** the bankruptcy court's orders dismissing Debtor's adversary proceeding with prejudice and denying a stay of proceedings.

**IT IS SO ORDERED**.

Dated: December 08, 2010

Hon. Roger T. Benitez
United States District Court Judge

08cv1726